LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CARA LOESER, | CIVIL NO. 16- |
| Plaintiff | |
| v. | COMPLAINT |
| ASSOCIATION OF APARTMENT OWNERS OF LIKINI WEST, GALE MIRANDA, JOE LEONG, JON OSHIRO MARCIA KAM, and BARRY JAMES | |
| Defendants | |

**COMPLAINT**

Plaintiff CARA LOESER, through her undersigned counsel, avers and alleges as follows:

JURISDICTION

1. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613, a claim herein arising under the Fair Housing Amendments Act of 1988 (Pub. L. 100-430), codified at

42 U.S.C. §§ 3601 *et seq*. The court may also exercise pendent jurisdiction over state law claims associated with the matters within its federal question jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

2. The venue is correct in this court because all material matters and all real property are directly connected to the District of Hawaii.

## PARTIES

3. Plaintiff CARA LOESER is and has been at all material times a qualified person with a disability, namely multiple sclerosis, that at all material times substantially impaired her major life functions of mobility and balance among other major life functions like body temperature regulation and maintenance of strength and stamina.

4. Defendant AOAO OF LIKINI WEST is a recognized condominium association, numbered #1143 by the State of Hawaii, that is duly registered by the State of Hawaii as a domestic non-profit corporation.

5. Defendants GALE MIRANDA, JOE LEONG, JON OSHIRO, MARCIA KAM and BARRY JAMES are natural persons who are the members of the condominium's board of directors.

## FACTS

6. Plaintiff has been living at the Likini West condominiums since 2005. She has resided with her significant other, Ken Wong, that entire time. She owns a car.

7. Mr. Wong owns Unit 307 and has owned that unit since 2005.

8. Mr. Wong has one designated, assigned limited common element parking space.

9. Mr. Wong is Plaintiff's primary caregiver and needs to park in that space to assure his ability to care for Plaintiff in a timely fashion.

10. The Likini West project has seven undesignated parking spaces that are common area elements. There are no other undesignated parking spaces on the property. The only other parking spaces are on the public streets. Frequently there are no available spaces on the pubic streets in the vicinity of the Likini West condos.

11. Those common area parking spaces are under the control of the board of directors. The board of directors rents those spaces out to residents on a monthly basis in a manner it deems fit. The board of directors have never informed the residents that the common area parking spaces are available for rent. The board of directors has not adopted any written policies, rules or procedures for the management and administration of the common area parking spaces. Nor has the board of directors communicated any unwritten policies, rules or procedures to the residents.

12. In 2007 Plaintiff inquired about renting one of the common area parking spaces and was told by the resident manager that she would be put on a waiting list he maintained on a "first come, first served" basis.

13. For years she languished on the resident manager's waiting list, and she was never informed that she could rent one of the common area parking spaces. She believed that there must have been many

residents on the waiting list and that she had just not reached the top of the list.

14. By April 2015 Plaintiff's physical condition had deteriorated to the point that she had a significant hardship parking off of the property. She needed a reliable parking space on the property.

15. So Plaintiff made oral and written requests to the resident manager, the property manager and the board of directors for the reasonable accommodation of making an exception to its "first come, first served" policy for the common area parking spaces and moving her to the top of the waiting list.

16. Plaintiff was not contacted by either the resident manager, the property manager or the board of directors to discuss her request for that accommodation. Rather the board of directors took up her request at a board meeting without informing her it would be considering her request at that meeting. The board of directors never gave her an opportunity to justify her request. Instead the board of directors made an official board decision to deny her request without any explanation.

17. In May and June 2015 the common area parking space identified as Stall 1003 was unoccupied and unrented. In July 2015 that stall was rented out to another resident. Plaintiff was never offered an opportunity to rent that space before it was rented out to the other resident. Upon belief and information this resident did not move in until 2012, five years after Plaintiff made her first of many requests that she be allowed to rent one of the common area parking spaces.

18. In March 2016 on behalf of Plaintiff Mr. Wong made yet another written request through the property manager to the board of directors for an accommodation for Plaintiff's disabling conditions by renting her one of the common area parking spaces. Neither the property manager nor the board of directors have contacted Mr. Wong or Plaintiff to discuss her request.

19. For many years the board of directors rented out all the common area parking spaces primarily to themselves. They have renewed their own occupancy of the limited number of non-designated parking spaces month after month without any notice to the residents and without ever requiring themselves to be placed on a waiting list. The board of directors has repeatedly denied Plaintiff's request to rent one of the common area parking spaces without addressing its blatant conflict of interest and self-dealing. The board of directors have treated these parking spaces as their personal perks to which they are entitled by virtue of their office.

20. Moreover, there are indications of improprieties regarding the collecting of and accounting for the revenue generated by renting these common area parking spaces.

## CLAIMS

21. Plaintiff alleges the Defendants, the AOAO and the individual directors are violating and have violated federal and state laws, specifically 42 U.S.C. § 3604(f) and Hawaii Revised Statutes § 515-3, by engaging in discriminatory practices that includes their refusal to adopt policies and practices that promote fair housing.

22. Plaintiff alleges these violations are continuing as Plaintiff's requested reasonable accommodation that she continues to need and to which she continues to be entitled continues to be denied.

## RELIEF

23. Plaintiff requests judgments against each defendant in her favor.

24. Plaintiff requests equitable relief, enjoining the Defendants from continuing to deny her the reasonable accommodation of renting one of the common area parking spaces.

25. Pursuant to 42 U.S.C. § 3613(c) and H.R.S. § 515-9(c) Plaintiff requests full compensatory damages and reasonable attorney's fees and costs.

26. Plaintiff requests any relief the course of litigation gives good cause for the court to provide in the name of justice.

DATED: Honolulu, Hawaii, November 22, 2016

/s/ LUNSFORD DOLE PHILLIPS